Matter of the Application of the Mayor, Aldermen and Commonalty of the City of New York Relative to Acquiring Title to Certain Lands Lying Between Twenty-seventh and Twenty-eighth Streets and Ninth and Tenth Avenues in the City of New York, for Park Purposes.

(Supreme Court, New York Special Term, February, 1907.)

Eminent domain — Condemnation proceedings — Fees of commissioners — Additional allowance to commissioners in New York city.

Where proceedings for the acquisition of property for public purposes in the city of New York were instituted in 1905, the commissioners of appraisal may be granted an additional allowance reasonable in amount.

Under the amendment (L. 1904, ch. 736) to section 998 of the Greater New York charter the court was empowered to grant additional allowances to commissioners of appraisal in condemna-

tion proceedings. Prior to the amendment to said section in 1906 (L. 1906, ch. 658), which omitted the provision as to such allowances and further provided that "the provisions of this title shall apply to all pending proceedings where the duty or duties herein or heretofore imposed or act or acts heretofore required to be done have not been performed," a street opening proceeding was instituted and the commissioners qualified in 1905. Held, that the amendatory act of 1906 did not apply and that the court was authorized to grant an additional allowance to said commissioners.

MOTION for an additional allowance under section 998 of the Greater New York charter.

Frederick St. John, for motion.

William B. Ellison, Corporation Counsel, opposed.

GIEGERICH, J.   Under section 998 of the Greater New York charter, as amended by chapter 736 of the Laws of 1904, the court was empowered, in any proceedings for the acquisition of property for any public purpose in the city of New York, "which is of a difficult or unusual character * * * to make such additional allowances to any or all of said commissioners as may to it appear just and equitable * * * such extra allowances not, however, in any instance to exceed the aggregate *per diem* compensation hereinabove provided for." Such provisions, however, were omitted from the enactment of 1906 (chap. 658) amending section 998; but section 33 thereof provides that "the provisions of this title shall apply to all pending proceedings where the duty or duties herein or heretofore imposed or act or acts heretofore required to be done have not been performed." Mr. Justice Dowling in Matter of City of New York (West 20th St., N. R.), N. Y. L. J., Nov. 16, 1906, passing upon an application for additional allowances to commissioners in similar proceedings instituted in August, 1904, held that the act of 1906 "had and has no application to proceedings pending at the time of its passage in which any steps had actually been taken by commissioners." It is stated in the brief of the corporation counsel that no appeal was taken from such

Supreme Court, February, 1907. [Vol. 52.

decision, and that since its rendition several applications have been made by commissioners for an extra allowance. Applying the principle of the decision just cited to the present case, in which the commissioners qualified on July 18, 1905, it is clear that the application of the commissioners for additional allowances may be entertained. The city does not oppose the granting of a moderate allowance. The proceeding was an important one; the commissioners did not ask for any *per diem* allowance for any days upon which there were adjournments and no testimony was taken, nor for the various views of the property. Therefore, in view of the extent and character of the work involved and the fact that the aggregate compensation of all the commissioners, including the extra compensation proposed, will be less than one per cent. of the value of the property, I think the moderate allowances asked for should be granted.

Motion granted.